[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On September 22, 1989, the plaintiffs, Philip and Elizabeth Black, filed a two count complaint against the defendants, Sharon and Michael Iles, alleging breach of warranty and fraudulent misrepresentation. The plaintiffs allege in their complaint that in March, 1987, the defendants sold their home to the plaintiffs. As part of the sale agreement, the defendants signed a rider stating that, to the best of their knowledge, the septic system located on the property had required no major repairs. The plaintiffs allege that shortly thereafter, they discovered that the system was in need of serious repair and had to purchase a new septic system and leeching field to replace the old one.
The plaintiffs allege that, in August of 1985, the septic system was serviced and it became evident that serious problems existed with the system. The plaintiffs claim that the defendants knew or should have known that the septic system may have been in need of repair prior to the defendants' signing of the rider. The plaintiffs assert that the defendants breached the warranty contained in the rider CT Page 6600 and fraudulently misrepresented to the plaintiffs that the septic system was not in need of major repair, when the defendants had knowledge that it was in need of major repair.
On April 4, 1994, defendant Sharon Iles filed a motion for permission to file a motion for summary judgment, a motion for summary judgment, a supporting memorandum and other documentary proof. The court, Langenbach, J., granted the motion for permission to file the motion for summary judgment on April 8, 1994. On May 9, 1994, the plaintiffs filed a memorandum in opposition to defendant Sharon Iles' motion for summary judgment, accompanied by an affidavit.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "It is . . . well recognized that summary judgment procedure is . . . inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Batick v. Seymour, 186 Conn. 632, 646-47,443 A.2d 471 (1982), quoting United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 386, 260 A.2d 596 (1969).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382, 384
(1971); Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984). The burden of proof remains with the moving party and the evidence must be viewed in a light most favorable to the non-moving party. See Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). The party opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence CT Page 6601 disclosing the existence of such an issue." Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). An "issue of fact" includes not only evidentiary facts but questions as to how the trier of fact would characterize those facts and what inferences and conclusions would be drawn. United Oil v. Urban Redevelopment Commission, supra, 379. In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982); United Oil Co. v. Urban RedevelopmentCommission, supra, 380.
The defendant argues that the plaintiffs have failed to produce work orders from Suburban Sanitation Service which, according to the defendant, are the crux of their claims. The defendant claims that the plaintiffs' complaint is based upon the allegation that the plaintiffs discovered that Suburban Sanitation Service possessed work orders for the subject septic system that indicated that the system had serious problems as early as August, 1985. The defendant claims that she has repeatedly sought these documents and the plaintiffs have failed to produce them. The defendant argues that because the plaintiffs have failed to produce these documents, they have no factual groundwork upon which to build their case of prior knowledge against the defendant. The defendant argues that there exists no genuine issue of material fact as to whether the defendant knew that the septic system had problems before she signed the rider.
In an affidavit submitted by Bruce J. Comello, the defendant's attorney, Comello states that he has attempted to obtain the "work orders" and that he has been informed by plaintiffs' attorney that they do not have the work orders. The defendant also offers her own affidavit stating, in pertinent part, she was "not told by any septic servicer, including Suburban Sanitation that the septic system required any major repairs or that the leaching field needed to be replaced prior to the sale of May 22, 1987." (Affidavit of Sharon Iles).
The plaintiffs argue that the defendant has failed to sustain her burden of showing that no genuine issue of material fact exists. The plaintiffs argue that the question is not whether the defendant thinks the plaintiffs have CT Page 6602 sufficient proof to win at trial, but whether there are genuine issues of material fact. The plaintiffs argue that the work orders are not their only proof and that they may offer testimony and circumstantial evidence to support their case at trial. Lastly, the plaintiffs argue that there remains a genuine issue of material fact as to the defendant's prior knowledge of problems with her septic system.
In support of their position, the plaintiffs offer the affidavit of Robert Costa, a prospective purchaser of the defendants' home in March 1987. Costa states that he hired Suburban Sanitation Services to perform an inspection of the septic system on the defendants' property. Costa states that the inspection revealed that the system was flooded and in need of repair. Costa also states that the inspection revealed several structural deficiencies of the residence on the property. Costa states that a copy of the inspection was sent to Coldwell Banker as listing agent for the defendants. Costa states that he informed the defendants' listing agent that he refused to go forward with the purchase based upon the results of the inspection.
Summary judgment is inappropriate where the inferences that the parties seek to have drawn deal with questions of motive and intent as in the instant case where the plaintiffs allege that the defendant fraudulently misrepresented her knowledge or lack of knowledge to the plaintiffs. See Batickv. Seymour, supra, 646-47. The defendant has offered affidavits stating that no documentary proof has been offered to support the plaintiffs' claim and stating that the defendant had no prior knowledge that the septic system was in need of repair. The plaintiffs have offered an affidavit [Costa affidavit] stating that an inspection was done prior to the sale of the property and that the inspection showed that the system was flooded and needed repair. The Costa affidavit states that this information was delivered to the defendants' listing agent and that Costa informed the listing agent that he refused to go forward with the purchase of the defendants' home based upon the results of the septic system inspection.
The evidence submitted by both parties, viewed in a light most favorable to the plaintiffs, indicates that there remains a genuine issue of material fact as to whether the defendant had prior knowledge of the septic system's need for repairs. See Connell v. Colwell, supra, 246; Strada v. ConnecticutCT Page 6603Newspapers Inc., supra. Therefore the defendant has failed to satisfy her burden of showing that there remains no genuine issue of material fact; see Dougherty v. Graham, supra, 250. Accordingly, the defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge